UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETHA POPE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-439 |
| | ) | |
| WALGREEN CO. d/b/a/ WALGREENS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This 45-plaintiff case, filed as a purported collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, is before the Court on defendant's motion to dismiss plaintiffs' complaint [Doc. 10] and plaintiffs' motion for permissive joinder of party or, in the alternative, Thomas Neidert's motion to intervene [Doc. 6]. Defendant has responded to the joinder/intervention motion [Doc. 9]. Plaintiffs have responded to the dismissal motion [Doc. 18], and defendant has filed a reply [Doc. 19]. For the reasons that follow, defendant's motion will be denied and plaintiffs' motion will be denied as moot.

I      Relevant Facts[1]

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations in the complaint [Doc. 1] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

Plaintiffs filed their complaint on September 22, 2014, alleging that they work, or have worked, in defendant's Tennessee stores as Executive Assistant Managers ("EXA") [Doc. 1 at ¶ 10]. According to the complaint, defendant scheduled plaintiffs to work a minimum of forty-four (44) hours per week [*Id*.]. Regardless of their schedule, plaintiffs regularly and repeatedly worked far in excess of forty-four (44) hours per week [*Id*.]. While employed as EXAs, plaintiffs contend that they primarily performed tasks generally associated with retail sales associates, such as unloading and unpacking merchandise, stocking shelves, positioning products based on predefined marketing strategies, assisting customers with their selections and purchases, operating cash registers, and maintaining the appearance of the store [*Id*. at ¶ 11]. Plaintiffs contend that defendant assigned the actual managerial tasks of running the stores to store managers and district managers and plaintiffs had little discretion or autonomy when performing managerial tasks assigned by their respective store managers [*Id.* at ¶ 12]. Defendant did not pay plaintiffs one-and-a-half times their effective hourly rate for those hours plaintiffs worked over forty in a single workweek [*Id*. at ¶ 16]. Plaintiffs contend that defendant misclassified them as exempt from the FLSA's overtime requirement [*Id*. at ¶ 18]. Plaintiffs now sue for unpaid overtime compensation.

II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

[opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

III. <u>Analysis</u>

Defendant moves for dismissal of this case in its entirety, arguing that the complaint does not plead sufficient supporting facts as required by *Iqbal* and *Twombly*. In the alternative, defendant moves for dismissal of plaintiffs' request for equitable

3

tolling. Defendant argues that the complaint should be dismissed "because it fails to advance even one factual allegation about any of the 45 Plaintiffs" [Doc. 11 at p. 2]. Specifically, defendant argues that the complaint is insufficient and conclusory under the *Iqbal* standard because it is "devoid of any basic threshold factual allegations about any individual Plaintiff's employment as an EXA, such as the dates that any Plaintiff worked as an EXA, the store(s) that any Plaintiff oversaw while in that position, the number of overtime hours that any Plaintiff worked in any week, or even an estimate of any Plaintiff's weekly hours" [*Id.*]. In support of its position, defendant relies on several recent district and appellate court rulings from outside the Sixth Circuit.

It is worth noting at the outset that "[t]he level of detail necessary to plead a FLSA overtime claim . . . [is] one that has divided courts around the country." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (citation and quotation omitted); *Landers v. Quality Commc'ns*, 771 F.3d 638, 641 (9th Cir. 2014) ("[t]he district courts that have considered this question are split"). In *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012), the plaintiffs' amended complaint alleged in material part that, "Throughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." *Id.* at 13. The First Circuit deemed the allegations "little more than a paraphrase of the statute" and inadequate under *Iqbal*. *Id.* In affirming dismissal of the case, the First Circuit further criticized the plaintiffs for not describing the work they performed and for not providing examples and estimates of unpaid time. *Id.* at 14.

4

In *Lundy v. Catholic Health Sys. of Long Island*, the Second Circuit held that, to satisfy *Iqbal*, an FLSA overtime complainant must identify *a particular week* in which he was not compensated for work exceeding 40 hours. 711 F.3d 106, 113—14 (2d Cir. 2013). In *Davis*, the Third Circuit agreed with *Lundy* that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." *Davis*, 765 F.3d at 241—42 (emphasis in original) (quoting *Lundy*, 711 F.3d at 114). Lastly, the Ninth Circuit recently "agree[d] with [its] sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given workweek* without being compensated for the overtime hours worked *during that workweek*." *Landers*, 771 F.3d at 644-45 (emphases added).

In contrast, district courts within the Sixth Circuit have applied a less strict approach. For example, in *Monroe v. FTS USA, LLC*, No. 2:08-CV-02100-BBD-DK, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008), defendants argued that plaintiffs' complaint should be dismissed due to a lack of "any substantive allegations" such as job duties, specific weeks in which overtime was worked, and the number of hours they were underpaid. The court disagreed, finding that

> Plaintiffs' complaint sufficiently states a claim under the FLSA for overtime compensation. Plaintiffs first allege Defendants are employers as defined by the FLSA. Plaintiffs further allege that they and other similarly situated employees are "technicians" routinely working overtime without compensation. Plaintiffs contend that Defendants knew that Plaintiffs worked overtime, which requires an increase to time-and-a-half pay rate. These allegations are adequate to put the Defendant on notice of the grounds upon which Plaintiffs' complaint rests.

5

*Id.* (citations omitted).

In *Miller v. AT&T Corp.*, No. 1:13-CV-01422, 2013 WL 5566698, at *2 (N.D. Ohio Oct. 9, 2013), the defendant moved for dismissal under Rule 8(a) and *Twombly/Iqbal* arguing in part that the plaintiff had "fail[ed] to plead when or how many hours he or anyone else allegedly worked off-the-clock." Again, the district court disagreed.

> Plaintiff Miller says he and others were employed by Defendants, FLSA applies to Defendants, and he and others regularly worked more than 40 hours a week without compensation. The existing complaint provides Defendants with sufficient notice of the allegations to form a response.

*Id.* (footnotes omitted); *accord Mathis v. Quicken Loans*, No. 07-10981, 2007 WL 3227598, at *6 (E.D. Mich. Sept. 7, 2007) (same); *see also Hellenberg v. Integrated Deicing Servs.*, No. 10-CV-11364, 2011 WL 317733, at *2 (E.D. Mich. Feb. 1, 2011) ("Contrary to Defendant's assertion, Federal courts in the aftermath of *Twombly* and *Iqbal* have held that extensive pleading is not required in the context of an FLSA claim.") (collecting cases).

More recently, in *Potts v. Nashville Limo & Transp., LLC*, No. 3:14-cv-1412, 2014 WL 7180164, at *2 (M.D. Tenn. Dec. 16, 2014), the district court considered whether the plaintiffs had alleged "sufficient detail" to survive the *Twombly/Iqbal* standard. The court noted that FLSA plaintiffs generally "are not required to plead with specificity the exact number of hours for which they seek compensation, the exact amount in controversy, or the exact times and dates on which the violations allegedly occurred." *Id.* at *3. Thus, the complaint was deemed sufficient to survive a motion to

6

dismiss because it: described the plaintiffs' basic job functions and the lack of timekeeping related to those functions; stated a range of rates at which the plaintiffs were paid, which was less than minimum wage; alleged that plaintiffs worked overtime but did not receive overtime pay; and set forth a general time frame within which the alleged violations occurred. *Id*.

Additionally, the Eleventh Circuit has considered a similar argument. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008). Applying Rule 8(a) and *Twombly*, the Eleventh Circuit concluded:

> that the Secretary's March 2, 2007 complaint makes such factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under FLSA. The complaint alleges that Labbe is a covered employer and provides a listing of the specific names of the covered employees . . . . The complaint alleges that since June 16, 2002, Labbe repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates. . . . While these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more.

*Id.* at 763-64.

On the facts of the present case, and with utmost respect to the appellate courts cited by the defense, this Court concludes that dismissal of the instant complaint would be overly harsh and inconsistent with the requirements of Rule 8(a), *Iqbal* and *Twombly*. As noted above, the Supreme Court continues to recognize that "the pleading standard Rule 8 announces does not require 'detailed factual allegations[.]'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (further citation omitted). What the Supreme Court cautions against are "unadorned, the-defendant-unlawfully-harmed-me

7

accusation[s]," pleadings merely offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557) (further citation omitted).

*Iqbal* speaks to "plaintiff[s] armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The instant complaint sufficiently provides factual allegations and is not a mere parroting of the relevant statute. Plaintiffs allege that the FLSA applies to the defendant. They allege that they are or were employed as EXAs in defendant's Tennessee stores. They describe the assigned duties of that position in support of their argument that they were misclassified as exempt from the FLSA's overtime requirement. Although they were paid a fixed salary, plaintiffs allege that defendant took improper deductions from their wages for partial day absences or sick days. Plaintiffs allege that, as EXAs, they "regularly and repeatedly worked far in excess of forty-four (44) hours per week" without overtime pay. As such, "[t]he existing complaint provides Defendants with sufficient notice of the allegations to form a response." *Miller*, 2013 WL 5566698, at *2; *accord Labbe*, 319 F. App'x at 763-64.

To require the present plaintiffs to each specify in their complaint a particular week in which they worked more than 40 hours without overtime pay would, again, be rigidly harsh and inconsistent with *Iqbal* and *Twombly*. Plaintiffs have pled that the EXA position is one requiring a schedule of more than 44 hours per week. Plaintiffs have further pled that they "regularly and repeatedly" exceeded those weekly hours without

8

overtime pay. Beyond that, as the Ninth Circuit acknowledged, "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645; *see also Pruell*, 678 F.3d at 15 (recognizing that "some of the information needed may be in the control of defendants. . . . [P]recisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have. . . . [S]ome latitude has to be allowed where a claim looks plausible based on what is known.").

The Court further observes that the present complaint is unlike what was before the Second Circuit in *Lundy*. There, the "typical" and "occasional" hours pled by the plaintiffs led only to "invited speculation" that "maybe" they had ever worked more than 40 hours in a week without being paid overtime. *Lundy*, 711 F.3d at 114-15.

In sum, the Court concludes that the instant complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint contains more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557) (further citation omitted). For the reasoning provided herein, defendant's motion [Doc. 10] will be **DENIED** to the extent that it seeks dismissal of plaintiffs' entire complaint.

To the extent that defendant moves for dismissal of plaintiffs' "request for equitable tolling," the Court agrees with plaintiffs that equitable tolling is not a substantive claim subject to dismissal at this time. Further, the current record contains

insufficient facts to allow the Court to resolve the issue. Defendant's request will accordingly be denied, but defendant will be allowed to raise the issue again when and if it becomes ripe.

IV. Plaintiffs Joinder/Intervention Motion

As its caption suggests, "Plaintiffs' Motion for Permissive Joinder of Party or, in the Alternative, Thomas Neidert's Motion to Intervene" [Doc. 6] asks that Thomas Neidert be allowed to join or intervene in this case as a plaintiff pursuant to Federal Rules of Civil Procedure 20 and 24. The Court need not engage in an analysis of the requisite standards for joinder or intervention, as defendant in its response to the motion concedes, "If this Court chooses not to dismiss the Complaint, then Defendant does not oppose Plaintiffs being granted leave to amend the Complaint to add Neidert as the forty-sixth named plaintiff in this action" [Doc. 9 at ¶ 4]. Plaintiffs' joinder/intervention motion [Doc. 6] will therefore be **DENIED as moot**, and plaintiffs will be direct to file an amended complaint consistent with defendant's concession.

V. Conclusion

For the reasons provided herein, "Defendant's Motion to Dismiss Plaintiffs' Complaint" [Doc. 10] will be **DENIED**. "Plaintiffs' Motion for Permissive Joinder of Party or, in the Alternative, Thomas Neidert's Motion to Intervene" [Doc. 6] will be **DENIED as moot**, and plaintiffs will be directed to file an amended complaint within 14 days of the entry of the accompanying order. The amended complaint shall be identical

in form to the original complaint [Doc. 1] with the exception that Thomas Neidert shall be added as a plaintiff. An order consistent with this opinion will be entered.

                                                s/ Thomas W. Phillips
                                       SENIOR UNITED STATES DISTRICT JUDGE

11

Case 3:14-cv-00439-TWP-CCS   Document 21   Filed 02/04/15   Page 11 of 11   PageID #: 112